[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 17, 2006
THOMAS K. KAHN
CLERK

No. 05-12613
Non-Argument Calendar
_____

D. C. Docket No. 03-00047-CR-T-24-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LIBISON ANGULO HERNANDEZ,

Defendant-Appellant.

_____

No. 05-13185
Non-Argument Calendar

_____

D. C. Docket No. 03-00047-CR-T-24-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILMER ADOLFO CASTRO,
a.k.a. Wilmer Valentierra Castro,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

**(April 17, 2006)**

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

In these consolidated appeals, Libison Angulo Hernandez and Wilmer Adolfo Castro each challenge two concurrent 135-month sentences, which were imposed after they pled guilty to conspiring to possess with intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. §§ 1903(a), (g), (j), and 21 U.S.C. § 960(b)(1)(B)(ii), and possessing with intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. §§ 1903(a), (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii). On appeal, each defendant argues that the district court erred by denying a minor-role adjustment to his sentence. Castro also challenges his sentence as unreasonable under United States v. Booker, 543 U.S. 220 (2005), and 18 U.S.C. § 3553(a).[1] After careful review, we affirm.

---

[1]We have jurisdiction to review the reasonableness of Castro's sentence, pursuant to 18 U.S.C. § 3742. See United States v. Martinez, 434 F.3d 1318 (11th Cir. 2006) (rejecting

We review a district court's factual findings regarding a defendant's role in the offense for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). "So long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law, we believe that it will be rare for an appellate court to conclude that the sentencing court's determination is clearly erroneous." De Varon, 175 F.3d at 945. We review the ultimate sentence imposed by the district court for reasonableness. United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005). In making our reasonableness review, we consider the final sentence, in its entirety, in light of the § 3553(a) factors. See United States v. Winningear, 422 F.3d 1241, 1245 (11th Cir. 2005) ("We do not apply the reasonableness standard to each individual decision made during the sentencing process; rather, we review the final sentence for reasonableness."). And

government's threshold argument that this Court lacks jurisdiction under 18 U.S.C. § 3742(a) to review a sentence within a correctly-calculated guideline range for reasonableness; concluding that "a post-Booker appeal based on the 'unreasonableness' of a sentence, whether within or outside the advisory guidelines range, is an appeal asserting that the sentence was imposed in violation of law pursuant to § 3742 (a)(1)").

To the extent the defendants assert a Booker Sixth Amendment violation, we can find no error. It is now well-established that there is no constitutional Booker error when, as here, the district court applied the Guidelines in an advisory fashion. See United States v. Chau, 426 F.3d 1318 (11th Cir. 2005) (holding that, when the district court applies the Guidelines in an advisory manner, it does not violate a defendant's Sixth Amendment rights under Booker by applying extra-verdict enhancements); see also United States v. Rodriguez, 398 F.3d 1291, 1300 (11th Cir.) (explaining that Booker error "is not that there were extra-verdict enhancements -- enhancements based on facts found by the judge that were not admitted by the defendant or establish by the jury verdict -- that led to an increase in the defendant's sentence. The error is that there were extra-verdict enhancements used in a mandatory guidelines system"), cert. denied, 125 S. Ct. 2935 (2005).

our "[r]eview for reasonableness is deferential." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." Id.

The Guidelines provide for a two-level decrease when the defendant is a minor participant in any criminal activity. See U.S.S.G. § 3B1.2(b). A minor participant is defined as "any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.3). To determine whether the adjustment applies, a district court first should measure the defendant's role against the conduct for which he has been held accountable. See De Varon, 175 F.3d at 934. With regard to drug couriers, this Court has indicated that its holding in De Varon "[did] not create a presumption that drug couriers are never minor or minimal participants, any more than that they are always minor or minimal," but "[r]ather . . . [established] only that the district court must assess all of the facts probative of the defendant's role in [his] relevant conduct in evaluating the defendant's role in the offense." United States v. Boyd, 291 F.3d 1274, 1277 (11th Cir. 2002). Moreover, also in drug courier cases, "the amount of drugs imported is a material consideration in assessing a defendant's

4

role in [his] relevant conduct" and "may be dispositive -- in and of itself -- in the extreme case." De Varon, 175 F.3d at 943.

Second, where there is sufficient evidence, a court also may measure the defendant's conduct against that of other participants in the criminal scheme attributed to the defendant. See id. In making this inquiry, a district court should look to other participants only to the extent that they (1) are identifiable or discernable from the evidence, and (2) were involved in the relevant conduct attributed to the defendant. See id. at 944 (stating that "[t]he conduct of participants in any larger criminal conspiracy is irrelevant"). "[W]here the relevant conduct attributed to a defendant is identical to [his] actual conduct, [he] cannot prove that [he] is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable." Id. at 941. "The defendant bears the burden of proving his minor role by a preponderance of the evidence." Boyd, 291 F.3d at 1277.

In the present case, the defendants argue that the district court erred by denying minor-role adjustments.[2] Hernandez highlights that he was only the

---

[2]For the first time on appeal, Hernandez also suggests that the district court's minor-role decision was based, in part, on a disposition to treat Hernandez as a repeat offender even though he had no prior convictions. Simply put, the district court's reasons for denying the adjustment related solely to Hernandez's relevant offense conduct. Our review of the sentencing transcript reveals no indication that the district court's imposition of sentence was in any way based on assuming, despite Hernandez's lack of a criminal record, that Hernandez was a repeat offender. Accordingly, we find no plain error on this basis.

5

mechanic on the boat and asserts that he was under the command of the boat captain and, therefore, could not be a "major player" in the cocaine-smuggling scheme. Similarly, Castro states that he was only a "mule" for more significant participants in a larger conspiracy and that, as a crewman, he was under the control of the boat's captain. We are unpersuaded by any of these arguments.

The record supports the district court's finding that the relevant conduct attributed to Hernandez and Castro was not minor, and we hold that the district court did not clearly err in denying both defendants a minor-role adjustment. With respect to the first prong of the De Varon analysis, the district court held both defendants accountable only for the possession of 1,580 kilograms of cocaine, which was the amount of cocaine found on the vessel when it was intercepted with the defendants onboard. Moreover, the sheer quantity of drugs is evidence that a minor-role reduction was not warranted. See De Varon, 175 F.3d at 943 (noting that the "amount of drugs is a relevant factor and recogniz[ing] that under some circumstances it may be dispositive"). Because they were held responsible only for the amount of cocaine they personally smuggled, which we note was a significant quantity, the defendants' relevant conduct was sufficient to support the

district court's factual finding that they played essential roles in the importation of 1,580 kilograms of cocaine.[3]

Turning to Castro's reasonableness challenge to his sentence, our inquiry is guided by the factors outlined in 18 U.S.C. § 3553(a). See Talley, 431 F.3d at 786; Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005). The § 3553(a) factors take into account

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Talley, 431 F.3d at 786. While a sentence within the advisory Guidelines range, such as Castro's sentence, is not per se reasonable, we ordinarily expect such a sentence to be reasonable. Id. at 787-88. The burden of establishing that the

---

[3] Given the defendants' failure to carry their burden on the first prong, we need not reach the second De Varon prong, but we nevertheless observe that this second principle would also defeat the award of minor-role reductions here. With the possible exception of the boat's captain, Hernandez's and Castro's conduct was identical to that of their codefendants, who were other crew members. It is well-settled that the conduct of others who were involved in the overall scheme of transporting and selling cocaine -- the organizers or recruiters or those with an equity interest in the cocaine -- is irrelevant to the assessment of the defendants' roles, as they were not charged with a larger conspiracy to import or distribute drugs, and, in any event, the other individuals are not identifiable from the evidence. See DeVaron, 175 F.3d at 944.

sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. Id. at 788.

Here, we readily conclude that Castro's sentence was reasonable. Castro's concurrent 135-month sentences were at the low end of the Guidelines range and well below the statutory maximum of life imprisonment. At the sentencing hearing, the district court acknowledged the advisory nature of the Guidelines and the § 3553(a) factors. Moreover, our review of the district court's deliberations reveals consideration of several § 3553(a) factors, apart from the Guidelines range. See Martinez, 434 F.3d at 1322-23 (affirming appellant's sentence against reasonableness challenge and noting that the district court applied the Guidelines as advisory and its deliberations reflected a consideration of the 18 U.S.C. 3553(a) factors); United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (affirming sentence as reasonable and noting that the district court calculated the correct Guidelines range, treated the range as advisory, considered the § 3553(a) factors, and imposed a sentence at the low end of the Guidelines range).

As for his claim that the district court did not adequately consider all of the § 3553(a) factors, we have held that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." Scott, 426 F.3d at

1329. Accordingly, the district court's failure to expressly reference each and every one of the § 3553(a) factors does not constitute error under <u>Booker</u>. In any event, at the sentencing hearing, the district court expressly stated that it had considered <u>all</u> of the factors in § 3553(a). Simply put, Castro's sentence was not unreasonable and is fully supported by the district court's sentencing considerations and factual findings. Accordingly, we can discern no <u>Booker</u> error in the district court's sentencing scheme.

**AFFIRMED.**